COPY

JUDGE SULLIVAN

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

11 CIV 0588



-----------------------------------------------------------X

ANGELA BLANCO and NICHOLAS MAGILL,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

ADF PIZZA I LLC, d/b/a PANERA BREAD
COMPANY, a Delaware corporation; and
and XYZ ENTITIES 1-10
(fictitious names of unknown liable entities),

    Defendants.

-----------------------------------------------------------X

Index Number:

**COMPLAINT**

**PLAINTIFFS DEMAND
TRIAL BY JURY**

## COMPLAINT

1. Plaintiffs, ANGELO BLANCO and NICHOLAS MAGILL (hereinafter referred to as "Plaintiffs"), were employees of Defendant, ADF PIZZA I, LLC d/b/a PANERA BREAD COMPANY, a Delaware corporation, and XYZ ENTITIES 1-10 (referred to collectively as "PANERA" or "Defendants"), and bring this action on behalf of themselves and other current employees and former employees of Defendants similarly situated to them for overtime compensation and other relief under the Fair Labor Standards Act ("FLSA"), as amended, 29 U.S.C. §216(b).

2. During the three (3) year statute of limitations period between December 2007 and the present, Plaintiffs performed work for Defendants in one or more work weeks in a

PANERA bakery-cafe in a position entitled "Assistant Manager" that involved primary job duties that were non-exempt in nature, including cooking, cleaning and assisting customers with food orders.

3. Plaintiff, ANGELA BLANCO, worked for Defendants as an Assistant Manager in Bronx, New York and other New York locations, from approximately December 2008 to approximately June 2009.

4. Plaintiff, NICHOLAS MAGILL, worked for Defendants as an Assistant Manager in the Rochester, New York, from approximately February 2008 to approximately August 2009.

5. Defendant, ADF PIZZA I, LLC, through its various subsidiaries, divisions, and affiliated companies owns and/or operates multiple bakery-café operating under the PANERA BREAD COMPANY name at locations throughout the State of Florida and possible other states, including in the Southern District of New York.

6. Defendants, XYZ ENTITIES 1-10, comprise or operate one or more divisions, subsidiaries, or affiliated companies of Defendant, ADF PIZZA I, LLC. Defendants, XYZ ENTITIES 1-10, are fictitious names for companies, partnerships, joint ventures, corporations, or other entities responsible for the wrongful conduct and labor practices causing harm to the Plaintiffs and those similarly situated, as further alleged herein. The true names and capacities of these XYZ ENTITIES 1-10 are unknown to Plaintiffs at this time, but Plaintiffs will amend the Complaint when and

if the true names of said defendants become known such that they can be correctly named.

7. It is the intent of this collective action to apply to all similarly situated employees of Defendants, including all of Defendants' locations.

8. This action is brought to recover from Defendants overtime compensation, liquidated damages, and the costs and reasonable attorneys' fees of this action under the provisions of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b).

9. Jurisdiction is conferred on this Court by 28 U.S.C. §1337 and by 29 U.S.C.§216(b).

10. At all times material hereto, Defendants have employed two (2) or more employees who regularly sold, handled, or otherwise worked on goods and/or materials that had been moved in or produced for commerce.

11. At all times material hereto, upon information and belief, the annual gross sales volume of Defendants has been in excess of $500,000.00 per annum.

12. At all times material hereto, Defendants have been an enterprise engaged in interstate commerce or in the production of goods for commerce as defined by the FLSA, 29 U.S.C. §203(s).

13. The additional persons who may become Plaintiffs in this action are Defendants' employees who have worked in the position of "Assistant Manager", or "Assistant Manager-In-Training," at any of Defendants' bakery-cafes in the United States and have worked in excess of Forty (40) hours during one or more work weeks between January 2008 and the present but did not receive time and a half of their regular rate

of pay for all of the hours they worked over Forty (40) in one or more work weeks.

14. Plaintiffs regularly worked in excess of Forty (40) hours per week in one or more weeks during their employment with Defendants while in the position of "Assistant Manager" or "Assistant Manager-In-Training", during the three (3) year statute of limitations period dating back to January 2008.

15. Defendants failed to pay time and one-half wages for all of the overtime hours worked by Plaintiffs and the other employees similarly situated to them for their overtime hours worked between January 2008 and the present.

16. Instead, between January, 2008 and the present, Defendants misclassified Plaintiffs and the other employees who have worked as "Assistant Managers" and "Assistant Managers-In-Training" at Defendants' bakery-cafes as being "exempt" from the protections of the Fair Labor Standards Act, paying Plaintiffs and the other similarly situated employees on a salaried basis without compensating them at time and one-half of their regular rate of pay for their overtime hours worked.

17. Based upon information and belief, Defendants have failed to maintain records of the start times, stop times, actual hours worked each day, and total hours worked each week by Plaintiffs and the other similarly situated employees for each work week between January, 2008 and the present.

18. The complete records, if any, concerning the compensation actually paid to Plaintiffs and the other similarly situated employees to Plaintiffs are in the possession and custody of Defendants.

## COUNT I
## RECOVERY OF OVERTIME COMPENSATION – ASSISTANT MANAGERS

19. Plaintiffs readopt and reallege the allegations contained in Paragraphs 1 through 18 above.

20. Plaintiffs are entitled to be paid time and one-half of their regular rate of pay for each hour worked in excess of Forty (40) hours per work week during their employment with Defendants in the position of "Assistant Manager", or while in training to be the Assistant Manager, within the three (3) year statute of limitations.

21. All similarly situated employees of Defendants are similarly owed their overtime rate for each overtime hour they worked and were not properly paid in one or more weeks between January 2008 and the present.

22. Defendants have knowingly and willfully failed to pay Plaintiffs and the other "Assistant Managers" (including those who were training to be an Assistant Manager) similarly situated to them at time and one-half of their regular rate of pay for all hours worked in excess of Forty (40) per week.

23. By reason of the said intentional, willful and unlawful acts of Defendants, all Plaintiffs (the named Plaintiffs and those similarly situated to them) have suffered damages plus incurring costs and reasonable attorneys' fees.

24. As a result of Defendants' willful violations of the Act, all Plaintiffs (the named Plaintiffs and those similarly situated to them) are entitled to liquidated damages.

25. Plaintiffs have retained the undersigned counsel to represent them in this action, and pursuant to 29 U.S.C. §216(b), Plaintiffs are entitled to recover all reasonable

attorneys' fees and costs incurred in this action from Defendants.

## COUNT II – NEW YORK STATE LAW CLAIMS

26. Plaintiffs, ANGELA BLANCO and NICHOLAS MAGILL (the "New York Plaintiffs"), reassert and incorporate herein each and every allegation in the preceding Paragraph numbers 1 to 18 of this Complaint as if set forth fully herein.

27. In this Count, the New York Plaintiffs bring a separate cause of action pursuant to the New York Labor Law Article 19 §§ 650 *et seq.* and the supporting New York State Department of Labor regulations and New York common law (collectively, the "NYLL" or "the New York Act""), and under Fed. R. Civ. P. 23, on behalf of themselves and all persons who are or have been employed by Defendants as Assistant Managers or Assistant Managers-In-Training, however variously titled, in the State of New York during the material time. (the "New York Class"). For purposes of this Count, the material time under New York law is, at a minimum, the six-year period prior to the date of this action or that the New York Plaintiffs joined or opted-into this action, and the period of additional time, if any, that such claims were tolled or extended by agreement of one or more of the Defendants, by equity, or by operation of law or contract (the "New York Class Period.")

28. Excluded from the New York Class are Defendants' legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in Defendants; and all persons who will submit timely and otherwise proper requests for exclusion from the class.

29. The New York Act provides that employers who fail to pay the overtime wages it requires shall be liable in a civil action brought by an aggrieved employee.

30. During the New York Class Period, Defendants violated the New York Act by failing to pay the New York Plaintiffs time and one-half times their regular rate of pay for all hours worked in excess of forty during each workweek, due to Defendants' misclassification of the New York Plaintiffs and the similarly situated New York Plaintiffs as exempt.

31. Pursuant to Fed. R. Civ. P. 23, the New York Plaintiffs bring this claim on behalf of themselves and the New York Class.

32. The members of the New York Class are similarly situated because they all perform or performed the same primary duties and all are subject to Defendants' common policy and practice, implemented throughout the State of New York, of misclassifying the New York Plaintiffs and the similarly situated persons properly for all overtime hours worked, in violation of the New York Act.

33. The New York Class members were paid in the same manner and were subject to the same, standard employment procedures and practices as the New York Plaintiffs.

34. The New York Plaintiffs and the New York Class members were all subject to Defendants' common policy and practice of failing to credit and pay them properly for all hours worked in excess of forty during each workweek at one and one-half times their regular rate(s) of pay. It is and has been Defendants' uniform policy and procedure to misclassify as exempt its Assistant Managers and those training to be

assistant managers, thereby failing to pay all overtime wages due to the New York Plaintiffs and the other similarly situated employees of the New York Class.

35. Upon information and belief and investigation to date, there are over 100 Class Members in New York who worked for Defendants during the New York Class Period and would therefore be members of the New York Class. For this reason, joinder of all members of the New York Class would be impracticable.

36. There are numerous questions of law and fact, such as the duties and responsibilities of, and hours worked by, the New York Class members.

37. The claims of New York Plaintiffs are typical of the claims of the New York Class because each such New York Class Member was subject to the same practice or policy of Defendants misclassifying as exempt the New York Plaintiffs, New York Class Members and the similarly situated Assistant Managers and Assistant Managers-In-Training, thereby failing to credit and pay the New York Plaintiffs and the similarly situated New York Class Members properly for all overtime hours worked, in accordance with the New York Act.

38. Defendants' presumed defense that New York Plaintiffs and the New York Class Members were properly classified as exempt and therefore properly paid under a common time-keeping and compensation system will be the same or similar for each individual and will not turn on any individual differences in such person's job duties. The prosecution of separate actions against Defendants under the New York Act would create a risk of inconsistent or varying adjudications with respect to the New

York Plaintiffs and the individual members of the New York Class that would establish incompatible standards of conduct. In addition, adjudications with respect to individual members of the New York Class could as a practical matter be dispositive of the interests of the other members of the New York Class not parties to such adjudications, or could substantially impede or impair their ability to protect their interests.

39. Questions of law or fact common to the New York Class members predominate over any question affecting only individual members of the New York Class. A class action, therefore, is superior to other available methods for the fair and efficient adjudication of the controversy. All of the facts material to resolving the common legal question of the applicability of one or more exemption from the New York Act are common to the New York Class members. Common issues predominate over any individual questions. There will be no difficulty in managing the case as a class action.

40. The New York Plaintiffs have engaged counsel experienced in wage and hour litigation and complex litigation who, accordingly, are adequate counsel for the New York Class.

41. During the New York Class Period, Defendants were aware that the New York Plaintiffs and the New York Class Members were not properly paid for all of the overtime hours they worked, in violation of the New York Act.

42. Defendant's violations of the New York Act were repeated, willful and intentional.

43. The New York Plaintiffs and the New York Class members have been damaged by said violations of the New York Act.

44. Pursuant to the New York Act, Defendants are liable to the New York Plaintiffs and the New York Class members for their unpaid overtime compensation, statutory damages pursuant to the New York Act, plus their attorneys' fees and costs.

## **CLAIMS FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request that the Court:

A    Declare Count I of this action to be maintainable as a collective action pursuant to 29 U.S.C. §216(b), and direct Defendants to provide Plaintiffs with lists of all persons encompassed within the FLSA Class during the FLSA Class Period, including but not limited to the last known address of each such person, so that Plaintiffs can give such persons Court-supervised notice of this action and an opportunity to make an informed decision about whether to participate in it;

B.    Determine the damages sustained by Plaintiffs and the members of the FLSA Class, individually and collectively, as a result of Defendants' violations of 29 U.S.C. §207(a), and award those damages against Defendants, jointly and severally, and in favor of Plaintiffs and the FLSA Class Members, plus an additional equal amount as liquidated damages pursuant to 29 U.S.C. §216(b), and such interest as may be allowed by law;

C.    Award Plaintiffs and the members of the FLSA Class their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and such interest as may be allowed by law;

D.     Grant Plaintiffs and the members of the FLSA Class such other and further relief as the Court may deem just and proper;

E.     Declare Count II of this action to be maintainable as class actions on behalf of the respective class pursuant to Fed. R. Civ. P. 23;

F.     Under Count II, determine the damages sustained by the New York Plaintiffs and the New York Class Members set forth in those counts as a result of Defendants' violations of the New York Act and award damages against Defendants, jointly and severally, and in favor of the New York Plaintiffs and the New York Class Members, and such interest as may be allowed by law.

G.   Award the New York Plaintiffs and the New York Class Members their costs and disbursements of this suit, including, without limitation, reasonable attorneys' fees and such interest as may be allowed by law; and

H.    Grant the New York Plaintiffs and the New York Class Members such other and further relief under New York law as the Court may deem just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiffs demand a trial by jury on all questions of fact raised by the Complaint so triable.

Dated: New York, New York
January 25, 2011

Respectfully submitted,

**HOFFMANN & ASSOCIATES**

By: _____
Andrew S. Hoffmann, Esq.
*Local Attorneys for Plaintiffs*
*Angela Blanco and Nicholas Magill,*
*individually and on behalf of persons*
*similarly situated*
450 Seventh Avenue, Suite 1400
New York, New York 10123
(212) 679-0400

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
_____x

ANGELA BLANCO and NICHOLAS MAGILL,
on their own behalf and others similarly situated,

    Plaintiffs,

v.

ADF PIZZA I LLC, d/b/a PANERA BREAD
COMPANY, a Delaware corporation; and
and XYZ ENTITIES 1-10
(fictitious names of unknown liable entities),

    Defendants.
_____x

Index Number:

**NOTICE OF FILING**
**CONSENT(S) TO JOIN**

## NOTICE OF FILING CONSENT(S) TO JOIN

COMES NOW, the Plaintiffs, ANGELA BLANCO and NICHOLAS MAGILL, by and through the undersigned counsel, and hereby give notices of filing the written Consents to Join.

Dated: New York, New York
    January 25, 2011

Respectfully submitted,

**HOFFMANN & ASSOCIATES**

By: _____
Andrew S. Hoffmann, Esq.
*Local Attorneys for Plaintiffs*
*Angela Blanco and Nicholas Magill,*
*on their own and on behalf of persons*
*similarly situated*
**450 Seventh Avenue, Suite 1400**
**New York, New York 10123**
**(212) 679-0400**

## NOTICE OF CONSENT TO JOIN

The undersigned, _Angela Blanco_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_Angela Blanco_  12/8/10
**CLIENT SIGNATURE**

## NOTICE OF CONSENT TO JOIN

The undersigned, _Nicholas A. Magill_, hereby consents, pursuant to 29 U.S.C. §216(b), to become a party plaintiff in this action.

_/s/ Nicholas A. Magill_
**CLIENT SIGNATURE**
12/14/10

## RULE 9 STATEMENT

The plaintiffs herein, Angela Blanco and Nicholas Magill, are individuals and are not affiliated with any corporations or other entities.